**Eugene THOMOLLARI, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 05–0139–ag.

United States Court of Appeals, Second Circuit.

June 27, 2006.

Charles Christophe, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney, Madelyn Johnson, John W. Borchert, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Eugene Thomollari petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, although Thomollari is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir. 2006).

When, as here, "the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gon-*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

**78**

*zales,* 417 F.3d 268, 271 (2d Cir.2005). The BIA agreed with the IJ that "the applicant failed to meet his burden of proof and establish eligibility for asylum," and added that "he failed to provide sufficiently detailed testimony." The relation in the BIA's analysis between the lack of testimonial detail and the failure of Thomollari's claim is not obvious, however. It seems likely that the BIA meant that Thomollari was not credible because his testimony lacked detail. But a lack of testimonial detail is not, without more, an adequate basis for an adverse credibility finding. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152–53 (2d Cir.2003). On the other hand, conceivably the BIA meant that—as the IJ had found—Thomollari did not testify to facts sufficient to make out a case of persecution. The question of whether the mistreatment Thomollari alleged rises to the level of persecution is a close one under our precedents. *Compare Ai Feng Yuan v. United States DOJ,* 416 F.3d 192 (2d Cir.2005), *and Tian–Yong Chen v. United States INS,* 359 F.3d 121 (2d Cir. 2004). But we need not address it until we know the basis for the BIA's decision. Hence, a remand is appropriate, to allow the BIA to clarify its ruling.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).